UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

GLENN J. BERNARD                  CIVIL ACTION NO. 15-2023

VERSUS                            U.S. DISTRICT JUDGE DRELL

KABCO BUILDERS, INC., et al
                                  U.S. MAGISTRATE JUDGE KIRK


REPORT AND RECOMMENDATION

Before the court is plaintiffs' motion to remand, **Doc. #8**, referred to me by the district judge for report and recommendation. This suit is filed by plaintiff against the manufacturer, seller, and installer of a mobile home. Suit was filed in state court pursuant to Louisiana redhibition law. Plaintiff amended his suit to expressly allege the applicability of the Magnuson Moss Warranty Act, 15 U.S.C. 2301, et seq.  Defendant, KABCO, then timely removed the suit on the basis of federal jurisdiction provided by the Magnuson Moss Act.  Plaintiff filed the instant motion for remand asserting that the Act doesn't apply because defendant hasn't shown that the damages could exceed the sum of $50,000 as required by the Act.

## Federal Question Jurisdiction

Jurisdiction of a federal court extends only to those cases in which a well-pleaded complaint establishes either that a federal law created the cause of action,  or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.  Christianson v. Colt Indus., 108 S.Ct. 2166

(1988).

## Analysis

Plaintiff's amended state court petition expressly pled the applicability of the Magnuson Moss Warranty Act. That Act, in turn, applies by its own terms only to claims the value of which equal $50,000 or more. While plaintiff now argues, contrary to his claims set forth in his amending petition, that the Act doesn't apply, it clearly does apply. Plaintiff asked for damages in the form of, among other things, a return of the purchase price or replacement of the home. The bill of sale for the home is in the record and shows that the original purchase price was $64,425–more than $50,000 which the Act requires. By amending the complaint to expressly assert applicability of the Act, plaintiff not only sought relief under the laws of the United States, but alleged that the Act–including its jurisdictional requirement–applied to him.

In summary, plaintiff has claimed entitlement to replacement or a refund which exceeds $50,000 and has also asserted jurisdiction under the Act which, in essence, sets forth an amount in dispute ($50,000 or more).

This court has federal question jurisdiction under the Magnuson Moss Warranty Act to decide the claim.

IT IS RECOMMENDED THAT the motion to remand be DENIED.

## OBJECTIONS

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days

2

from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the district judge at the time of filing.  Timely objections will be considered by the district judge before he makes his final ruling.  **FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED in chambers, in Alexandria, Louisiana, on this the 18th day of August, 2015.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE

3