UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| GLENN J. BERNARD | CIVIL ACTION 1:15-CV-02023 |
| VERSUS | JUDGE DRELL |
| KABCO BUILDERS, INC., *et al.* | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is Plaintiff's "Motion to Vacate Arbitration Award" (Doc. 33). Plaintiff contends the arbitration award should be vacated because it only awarded equitable relief and did not award attorney's fees. It is recommended that the Motion to Vacate (Doc. 33) be denied.

I. Background

Plaintiff Glenn J. Bernard ("Bernard") filed a petition and amended petition in a Louisiana state court against Defendants Kabco Builders, Inc. ("Kabco") (manufactured home builder), Andries and Associates, L.L.C. d/b/a Evangeline Home Center ("Andries") ( manufactured home seller), and LA Movers, L.L.C. ("LA Movers") (manufactured home mover) (Doc. 1). This case was removed by Defendants, alleging a federal question pursuant to the Magnuson Moss Warranty Act ("Magnuson Moss"), 15 U.S.C. § 2301, *et seq.,* and, pursuant to this Court's supplemental jurisdiction (28 U.S.C. § 1367), the New Manufactured and Modular Home Warranty Act ("Home Warranty Act"), La. R.S. 51:912.1, *et seq.* Bernard seeks specific and general

damages, interest, attorney's fees, and costs for a defective new manufactured home he purchased.

Defendants answered the complaints (Docs. 11). Defendants then filed Motions to Compel Arbitration and to Stay (Doc. 13), which were granted (Doc. 21).

After arbitration, Bernard filed a "Motion to Reopen/Reinstate Case and to Vacate Arbitration Award" (Doc. 33). The Motion to Reopen/Reinstate Case was granted (Doc. 37). Defendants filed an opposition to the Motion to Vacate Arbitration Award (Doc. 38), to which Bernard replied (Doc. 40).

Bernard's Motion to Vacate Arbitration Award (Doc. 33) is now before the Court for disposition.

II. <u>Law and Analysis</u>

Bernard asks the Court to vacate the arbitration award pursuant to 9 U.S.C. § 10(a)(4), contending the arbitrator exceeded his powers. Bernard argues the arbitrator erred by: (1) failing to apply the New Manufactured and Modular Home Warranty Act, La. R.S. 51:912.1-912.10, and the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301; (2) awarding equitable relief (ordering Defendants to make repairs) instead of financial relief; and (3) failing to award attorney's fees. Bernard further contends the arbitrator's "award" is indefinite and uncertain, and that a judgment cannot be entered upon it. Bernard asks the Court to award specific and general monetary damages, attorney's fees, and costs.

A.  Scope of Review

The Federal Arbitration Act reflects a national policy favoring arbitration. See Cooper v. WestEnd Capital Mgmt., L.L.C., 832 F.3d 534, 543–44 (5th Cir. 2016) (citing Hall Street Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 581 (2008)). In light of the strong federal policy favoring arbitration, judicial review of an arbitration award is extraordinarily narrow. See Cooper, 832 F.3d at 543-44 (citing Rain CII Carbon, LLC v. ConocoPhillips Co., 674 F.3d 469, 471–72 (5th Cir. 2012)); see also Hall Street Assocs., L.L.C., 552 U.S. at 588. Courts must defer to the decision of the arbitrator. See id. The Fifth Circuit consistently has held that arbitrators are not required to disclose or explain the reasons underlying an award. See Antwine v. Prudential Bache Securities, Inc., 899 F.2d 410, 412 (5th Cir. 1990); see also The Houston Lighting & Power Co. v. Int'l Brotherhood of Elec. Workers, 71 F.3d 179, 186 (5th Cir. 1995). If the basis for the award can be rationally inferred from the underlying contract, the reviewing court must confirm the award. See Anderman/Smith Operating Co. v. Tennessee Gas Pipeline Co., 918 F.2d 1215, 1218 (5th Cir. 1990), cert. den., 501 U.S. 1206 (1991).

The grounds for vacating an award under the FAA are set forth in 9 U.S.C. § 10[1]:

> (1) Where the award was procured by corruption, fraud, or undue means.
> (2) Where there was evident partiality or corruption in the arbitrators, or either of them.

---

[1] In Hall Street Associates, L.L.C., the Supreme Court eliminated all non-statutory grounds for vacating arbitration awards under the FAA. See Campbell Harrison & Dagley, L.L.P. v. Hill, 782 F.3d 240, 245 (5th Cir. 2015), cert. den., 136 U.S. 247 (2015) (citing Hall Street Assocs., L.L.C., 552 U.S. at 589–90).

>(3) Where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced.
>(4) Where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

Bernard argues the arbitrator exceeded his powers in awarding him only equitable relief, alleging a violation of § 10(a)(4).

The Court should sustain an arbitration award as long as the arbitrator's decision draws its essence from the contract—even if the Court disagrees with the arbitrator's interpretation of the contract. See Cooper, 832 F.3d at 545 (citing Timegate Studios, Inc. v. Southpeak Interactive, L.L.C., 713 F.3d 797, 802 (5th Cir. 2013). The party challenging an arbitrator's award under § 10(a)(4) bears a heavy burden. See Cooper, 832 F.3d at 545 (citing Oxford Health Plans L.L.C., 569 U.S. at 569).

An arbitration award "may not be set aside for a mere mistake of fact or law." Cooper, 832 F.3d at 545 (citing Rain CII Carbon, LLC, 674 F.3d at 472). It is not enough to show the arbitrator committed an error—or even a serious error. See Oxford Health Plans L.L.C., 569 U.S. at 569. The risk that arbitrators may construe the governing law imperfectly in the course of delivering a decision that attempts in good faith to interpret the relevant law is a risk that every party to arbitration assumes. See Cooper, 832 F.3d at 546. Such legal errors lie far outside the category of conduct embraced by § 10(a)(4). See Cooper, 832 F.3d at 546. In reviewing an arbitration award a court must refrain from commenting on the correctness or

4

incorrectness of the arbitrator's factual findings.  See McKool Smith, P.C. v. Curtis International, Ltd., 650 Fed. Appx. 208, 213 (5th Cir. 2016).  Whether an arbitrator applied the law correctly or incorrectly is an inappropriate determination for a reviewing court.  See McShane v. PilePro Steel, LP, 2017 WL 1399703, *6 (W.D. Tex. 2017).  Because the parties bargained for the arbitrator's construction of their agreement, an arbitral decision even arguably construing or applying the contract must stand, regardless of a court's view of its (de)merits.  See Oxford Health Plans L.L.C., 569 U.S. at 569.  An arbitrator derives his or her powers from the parties' agreement to forgo the legal process and submit their disputes to private dispute resolution.  See Stolt-Nielsen S.A. v. AnimalFeeds Int'l Corp., 559 U.S. 662, 682 (2010).

By agreeing to arbitrate in a setting in which Defendants, if they prevailed, could seek confirmation under the FAA, Bernard bound himself to accept the limited judicial review which that Act allows.  See Smith, 233 F.3d at 506–07 (citing First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 942 (1995)).  The interpretations of the law by the arbitrators are not subject to judicial review for error in interpretation by the federal courts.  See Wilko v. Swan, 346 U.S. 427, 436–37 (1953) (overruled on other grounds, Rodriguez de Quijas v. Shearson/American Express, Inc., 490 U.S. 477 (1989)).

    B.    **The arbitrator did not exceed his authority by awarding only equitable relief in the form of specific performance.**

Bernard contends the arbitrator erred as a matter of law in failing to award monetary damages and attorney's fees.

Defendants contend the Arbitration Agreement states the parties agreed the arbitrator may award "any legal or equitable relief, including, without limitation, money damages, declaratory relief, and injunctive relief." Defendants further point out the Arbitration Agreement is governed by the "Home Construction Arbitration Rules," promulgated by the American Arbitration Association (Doc. 38-2), and the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1, *et seq.* See American Arbitration Association–Rules, Forms, Fees at https://www.adr.org/active-rules. The Home Construction Arbitration Rules provide:

> ARB-43. Form and Scope of Award
> a) The arbitrator may grant *any legally available remedy or relief* that the arbitrator deems just and equitable and within the scope of the agreement of the parties, including, but not limited to, equitable relief and specific performance of a contract. (Emphasis added.)

Bernard contends equitable relief is not legally available under Magnuson Moss. However, 15 U.S.C. § 2310(d)(1) provides a consumer "may bring suit for damages and other legal and equitable relief," thereby specifically allowing equitable relief to be awarded. The statute also plainly leaves an award of attorney's fees and costs to the court's discretion. See 15 U.S.C. § 2310(d)(2).

Bernard additionally claims he requested relief pursuant to Louisiana's Home Warranty Act, and argues the Act (1) does not provide for equitable relief; and (2) requires an award of attorney's fees.[2] Since neither monetary damages nor attorney's

---

[2] La. R.S. § 51:912 provides in part: "If a builder violates this Part by failing to perform as required by the warranties provided in this Part, any affected owner shall have a cause of action against the builder for actual damages, including attorney's fees and court costs, arising out of the violation. The damages with respect to a single defect shall not exceed the reasonable cost of repair or replacement necessary to cure the defect, and damages with respect to all defects in the home shall not exceed the original purchase price of the home."

fees were awarded, the arbitrator clearly denied Bernard's claims under Louisiana law, as evidenced in his award statement: "All requests for Attorney's Fees are denied….This Award is in full settlement of all claims submitted to this Arbitration, including attorney's fees. All claims not expressly granted herein are hereby denied." (Doc. 33-2, p. 4/4).

The arbitrator did not exceed his powers by denying Bernard's claims under Louisiana law, including his claim for attorney's fees.

C. <u>The arbitrator's award was definite and certain.</u>

A district court may vacate an arbitration award when the arbitrator exceeded his powers or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made. <u>McVay v. Halliburton Energy Services, Inc.</u>, 608 Fed. Appx. 222, 225 (5th Cir. 2015).

Arbitrators do not imperfectly execute their powers under § 10(a)(4) where the award and statement provided by the arbitrator is clear, concise, and lacks any hint of ambiguity. See <u>McVay</u>, 608 Fed. Appx. at 225 (citing <u>Antwine</u>, 899 F.2d at 413). An arbitral award that is "final and definite" is one that resolves all the issues submitted to arbitration definitively enough so that the rights and obligations of the two parties, with respect to the issues submitted, do not stand in need of further adjudication. See <u>McVay</u>, 608 Fed. Appx. at 225 (citing <u>Rocket Jewelry Box, Inc. v. Noble Gift Packaging, Inc.</u>, 157 F.3d 174, 176 (2d Cir. 1998). To be definite, an arbitration award must be sufficiently specific as to be capable of implementation. See <u>McVay</u>, 608 Fed. Appx. at 225 (citing <u>United Mine Workers of Am. Dist. No. 5 v.</u>

7

Consol. Coal Co., 666 F.2d 806, 809–10 (3d Cir. 1981). An arbitration award is definite if it is sufficiently clear and specific to be enforced, and indefinite if it is so badly drafted that the party against whom the award runs does not know how to comply with it. See McVay, 608 Fed. Appx. at 225 (citing IDS Life Ins. Co. v. Royal Alliance Assocs., 266 F.3d 645, 650 (7th Cir. 2001); Smart v. Int'l Brotherhood of Elec. Workers, Local 702, 315 F.3d 721, 725 (7th Cir. 2002)).

Bernard's award is for specific performance of certain itemized repairs to be made by specified parties within specific lengths of time. That award is clear, definite, unambiguous, and certain.

### III. Conclusion

Based on the foregoing discussion, IT IS RECOMMENDED that Bernard's Motion to Vacate Arbitration Award (Doc. 33) be DENIED.

Under the provisions of 28 U.S.C. § 636(b) (1)(c) and Fed. R. Civ. P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14)

days from the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers at Alexandria, Louisiana on this  20th  day of February, 2018.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge